UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**ANTONY R. MARSHALL,**
                    **Plaintiff**

**v.**                                                         **Civil Action No.**
                                                                          **3:04CV240-J**

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
                    **Defendant**

## **MEMORANDUM OPINION**

This case presents plaintiff Antony Marshall's challenge to the decision of the Commissioner terminating his Supplemental Security Income payments. After examining the record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be affirmed.

Plaintiff's previous disability benefits award beginning in April 1989 was terminated effective July 1992 because of medical improvement. After two hearings, the Administrative Law Judge ("ALJ") determined that Mr. Marshall's dermatitis, seizure disorder, pain disorder, adjustment disorder with depressed mood and borderline intellectual functional were severe impairments that prevented him from performing his past relevant work as a cashier, but that he retained the residual functional capacity for a significant number of light jobs.

If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. <u>Studaway v. Secretary of HHS</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991). The Court's obligation to affirm in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion. Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994), Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

Mr. Marshall contends that the ALJ erred in failing to accord to a treating physician's opinion the weight to which it was entitled. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

The specific question here concerns the treatment of the medical records regarding Mr. Marshall's psoriasis and the effect that condition has on his ability to stand. Mr. Marshall contends that his dermatologist has stated he would not be able to stand for long periods of time because of his psoriasis. The central issue is whether the ALJ's determination that Mr. Marshall could perform light work -- which might require standing -- is at odds with the objectively supported opinion of Mr. Marshall's treating dermatologist.

In October of 1998, Dr. Fowler assessed foot and hand dermatitis. Tr. 598. Mr. Marshall had brought with him some shoes and socks that he regularly wore, and Dr. Fowler identified certain chemicals in parts of the shoes to which Mr. Marshall appeared to be allergic. Tr. 600. There is no indication in the records that Mr. Marshall subsequently followed up with Dr. Fowler

to identify appropriate footwear.

Dr. Smith gave a deposition in September of 1990. He stated that based on the results of his observation and a punch biopsy, he diagnosed psoriasiform dermatitis. Tr. 178. Dr. Smith described Mr. Marshall's condition as precipitated by "trauma or other irritating incidents." Tr. 179. He surmised that the attack that brought Mr. Marshall to him initially resulted from his "working in that sort of a moist, wet environment where his feet were constantly exposed to moisture," and that irritation resulted "either from the moisture itself or from the chemicals that come out of the wet boots." Tr. 182. He further explained that once the trauma (or chemical contact or standing in water) brings on the condition, it takes a long time for the skin to heal. He stated his opinion that a psoriasis sufferer would likely get a worsening of the condition in the work place if "either their clothing or their boots or whatever are rough on their skin," Tr. 185. Further, "there is some difficulty in these patients standing, simply because they don't have the cushion and the protective effect of the skin," and he suggested that the person's shoes or boots would have to be particularly designed to be as nontraumatic and nonirritating as possible. Tr. 186-187. By August of 1990, Mr. Marshall's condition had improved to the point he could wear socks and shoes. Tr. 189-190.

Dr. Martin Zukoff testified at the hearing after reviewing the medical records. He observed that the records, including the type of treatment prescribed, are consistent with a scaly type of dermatitis, but not consistent with a true psoriasis. Tr. 1013-1014. Dr. Zukoff agreed that one could have an allergy to the tanning agents found in leather shoes, and noted that the same problem would not be presented by rubber or plastic. Tr. 1016. He testified that it would be reasonable to expect that someone with such a condition could be treated with topical

medication and could wear some type of footwear. Tr. 1018.

The Court agrees with the ALJ that there is no direct conflict between the opinion of Dr. Smith and the opinion of Dr. Zukoff. Both Dr. Zukoff and Dr. Smith explicitly stated that Mr. Marshall would need to be careful about what type of footwear he used. Dr. Fowler identified some specific allergens that Mr. Marshall would need to avoid. Accordingly, it does not appear that the Medical Advisor contradicted the treating physician's opinion or that the ALJ disregarded a treating physician's opinion. There is no error, and substantial evidence supports the decision.

An order in conformity has this day entered.